UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,                         No. 1:10-CR-384

v                                          Hon. Robert J. Jonker

LARRY JAMES NIEWENHUIS,

        Defendant.

---

### BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

---

      Larry Willey, counsel for Larry Niewenhuis (hereinafter "counsel"), seeks an Order from the Court pursuant to Local Criminal Rule 57.3(d) allowing him to withdraw as counsel.

      Counsel was appointed as counsel for Mr. Niewenhuis on February 8, 2011. Counsel had represented Mr. Niewenhuis pre-indictment so the appointment seemed logical at the time. Beginning in mid-January 2011, counsel has been focused almost entirely on the defense in the case of *United States v. Raogo Ouedraogo*, 1:08-cr-168. That case is currently being tried to a jury. The trial began March 1, 2011 and will likely go the jury on March 29, 2011.

      The final pretrial conference in Mr. Niewenhuis' case is set for May 25, 2011, and the jury trial is set for June 7, 2011. It had been previously set for April 2011, but due to the voluminous amount of discovery - 350,000 pages - the parties requested a 180-day adjournment. The Court granted a 60-day adjournment. Counsel has been unable to devote any time to the review of the discovery materials in this case because of the *Ouedraogo* trial, a case he has been working on seven days per week since mid-January.

Counsel also spent the vast majority of the months of October and November 2010 in a criminal trial in *United States v. Bradley Hansen*, 1:09-cr-162. That case was also tried to the jury in Federal court and counsel again worked seven days per week in preparation for the trial

For the Niewenhuis case, counsel feels he cannot provide competent, diligent and effective assistance to Mr. Niewenhuis. Counsel is physically and mentally exhausted from the above trials and cannot even begin to address the 350,000 pages of discovery in this matter. He does not believe that he can be adequately prepared for trial in June 2011, nor could he effectively try the case to a jury in June 2011. Counsel needs rest, vacation, and time with his six grandchildren.

Counsel has expressed this concern to Lynn Holck, the CJA Panel Administrator. Ms. Holck has confirmed that she has enlisted the assistance of other competent counsel from the CJA Panel who is willing and able to take the case, knowing the trial schedule. Thus, this request fully complies with MRPC 1.16(b) which allows for attorney withdrawal so long as there will be no material adverse effect on the client. This is just such a case as the representation can be turned over quickly to other competent counsel from the CJA Panel.

Counsel has submitted no vouchers. Counsel has spent no time preparing the case since the appointment in February 2011.

Finally, although not the primary reason for the request to withdraw, a potential conflict of interest exists. Charles E. Chamberlain, also of the undersigned law firm, is representing a person under investigation in a related matter. Withdrawal at this time would avoid any conflicts that may arise from that representation.

WHEREFORE, Counsel seeks an Order from the Court allowing him to withdraw as counsel.

Respectfully Submitted,

Dated:  March 25, 2011

WILLEY & CHAMBERLAIN LLP
Attorneys for Defendant

s/ Larry C. Willey

_____
Larry C. Willey (P28870)
940 Trust Building
40 Pearl Street, N.W.
Grand Rapids, Michigan  49503-3032
(616) 458-2212